## Case No. 9,539.

### MILAN DISTILLING CO. v. TILLSON.

[26 Int. Rev. Rec. 5.]

Circuit Court, N. D. Illinois. Jan. 5, 1880.

INTERNAL REVENUE— SALE OF LEASED DISTILLERY FOR TAXES — RIGHTS OF PURCHASER FROM LESSOR—EVIDENCE.

[One purchasing property which has been used as a distillery under a lease containing covenants that the premises should be subject to a lien for taxes and penalties, in accordance with Rev. St. § 3262, must be regarded as taking the same with notice of such use, and the property is therefore subject in his hands to the lien of any assessment which may subsequently be made against the lessee for such taxes or penalty. Such purchaser stands in the shoes of his grantor, and, through him, has the same right of appeal that the lessee would have, from the assessment. Therefore, if he permits the premises to be sold without taking an appeal, he has no right, on subsequently suing the collector for the value of the property, to introduce evidence that no tax or penalty was in fact due the government at the time the assessment was made.]

[This was an action at law by the Milan Distilling Company against John Tillson to recover the value of certain distillery property sold by defendant, as collector of internal revenue.]

Beardsley, Wilkinson & Osborne, for plaintiff.

Joseph B. Leake, U. S. Atty., for defendant.

BLODGETT, District Judge. This is an action on the case, brought by the plaintiff against the defendant, to recover the value of a distillery and appurtenances sold by the defendant under a distress warrant issued by him for the collection of a tax on spirits assessed against one George P. Freysinger; and the question raised is whether the plaintiff shall be allowed to give proof showing, or tending to show, that no tax was in fact due from George P. Freysinger to the government at the time the assessment was made. The admitted facts in the case are that in the year 1869 Jacob Freysinger was the owner in fee of the property in question, and leased the same to George P. Freysinger, to be used as a distillery. At the same time he consented in writing that the premises should be used as a distillery, and that the taxes and penalties should be a first lien on the premises, in accordance with section 3262, tit. 34, Rev. St.; and George P. Freysinger

continued from the time of such lease up to the latter part of February, 1873, to occupy the premises, and carry on the business of a distiller thereon with the consent of Jacob Freysinger as aforesaid. In July, 1873, Jacob Freysinger having resumed possession, conveyed the premises by deed, in fee, to the plaintiff, and the plaintiff took possession and carried on business as a distiller thereon till about January 24, 1876. On the 31st of December, 1875, the commissioner of internal revenue made an assessment of $226,200 against George P. Freysinger, for taxes on spirits produced at the distillery mentioned during the years 1869, 1870, 1871, 1872, and 1873, and not deposited in a bonded warehouse as required by law. This assessment was transmitted for collection to the defendant, who was then collector of internal revenue for the Fourth district of this state; and the defendant having duly demanded of George P. Freysinger the payment of the tax, and the same not having been paid, the defendant issued his distress warrant, and on the 24th of January, 1876, levied upon and took possession /of the distillery premises and appurtenances, and afterwards sold and conveyed the same, by virtue of the said assessment, warrant, and levy. It is admitted that the assessment, warrant, levy and sale were in all respects regular in form.

In order to sustain the issue on its part, and show that the property was wrongfully sold by the defendant, the plaintiff offers proof tending to show that no taxes were in fact due from George P. Freysinger to the government, for spirits produced at the distillery mentioned, as stated in the assessment; to which proof the defendant objects, and insists that he is fully protected by the assessment, and that it cannot be collaterally attacked, or inquired into in this action. There can be no doubt that if the assessment, levy, and sale had been made during the tenancy of George P. Freysinger, the assessment would have been an ample protection to the officer who was charged with its collection; but the plaintiff claims that, it having become seized of the property by deed after the tenancy terminated, this proof is admissible. I do not think the title relieved the property of the lien created upon it by the plaintiff's grantor. The plaintiff is, I think, so far in privity with the title as to be bound by the acts of its grantor or his lessee. The facts showing that the premises had been, for several years before the plaintiff's acquirement of title, used as a distillery, the plaintiff must be charged with notice that they were, under the law (sections 3251, 3262), liable for all taxes and penalties incurred by Jacob Freysinger or George P. Freysinger, his tenant, in respect of spirits produced thereon. If the property in the hands of the plaintiff, as grantee of Jacob Freysinger, is subject to this tax, then the assessment must be as complete a shield to the collector as if the assessment had been made while Frey-

singer remained the owner. And if I am right in assuming that the property, after conveyance to the plaintiff, remained liable to an assessment for taxes and penalties incurred under its former owner, then there is an end to the question, for the plaintiff has no better right to contradict the assessment than the Freysingers have. The plaintiff took the property subject to the burdens which the plaintiff's grantor had put upon it,—that is, if the plaintiff was bound, as I think it was, to take notice of the uses to which the premises had been applied before it acquired title. It is manifest that the only remedy George P. Freysinger and Jacob Freysinger, his landlord, could have had against his assessment, was by appeal; but it is urged that the plaintiff could not appeal, because the assessment was not against the plaintiff, but against George P. Freysinger, and therefore it is argued that this suit is the plaintiff's only remedy. I think, however, that the plaintiff, or Jacob Freysinger, could have appealed, because the assessment was a lien on the property. Jacob Freysinger, as owner of the fee, stood, so far as this property is concerned, in the position of surety for his tenant. He had pledged this property to the government for the payment of all taxes and penalties incurred during the time his tenant carried on the business of distilling there, and, if an attempt was made to charge the property with such taxes and penalties, he would certainly have the right to be heard on appeal. If not, then such right could only be denied because he was concluded by the acts of his tenant, and had no right to a hearing before any tribunal, but must submit to whatever dilemma the property had been brought to by his tenant's act,—which would not help the plaintiff in this case.

I am of opinion that the plaintiff is so far in privity with the acts of the Freysingers, in regard to the lien of this assessment, that it is bound to pursue all the remedies which the Freysingers would have been bound to pursue. The plaintiff stands in the tracks of the Freysingers. If Jacob Freysinger could appeal, the plaintiff, as his successor, could do so. Numerous authorities are cited in support of the defendant's position that the assessment is a complete protection to the defendant in this case. Those most directly in point are Murray v. Hoboken Land Co., 18 How. [59 U. S.] 284, Nichols v. U. S., 7 Wall. [74 U. S.] 122; and Erskine v. Hohenbach, 14 Wall. [81 U. S.] 614. The last was a case from the Eastern district of Wisconsin, where the collector was sued in trespass for having levied upon the property of a manufacturer of tobacco for the collection of an assessment regularly made; and the collector justified the seizure and sale under the assessment and his warrant for the sale of the property. Trial was had, and judgment rendered against the collector, the court allowing the plaintiff to go behind

the assessment, and show, as is here proposed, that nothing was actually due from the plaintiff on the assessment under which the collector acted. The case went to the supreme court; and in the opinion reversing the judgment of the circuit court it is said: "The collector could not revise or refuse to enforce the assessment regularly made by the assessor in the exercise of the latter's jurisdiction. The duties of the collector, in the · enforcement of the tax, were purely ministerial. The assessment, duly certified to him, was his authority to proceed, and, like an execution to a sheriff, regular on its face, issued by a tribunal having jurisdiction of the subject-matter, constituted his protection. Whatever may have been the conflict at one time, in the adjudged cases, as to the extent of the protection afforded to ministerial officers acting in obedience to process of orders issued to them by tribunals or officers invested by law with authority to pass upon and determine particular facts, and render judgment thereon, it is well settled now that if an officer or tribunal possess jurisdiction over the subject-matter upon which the judgment is passed, with power to issue an order or process for the enforcement of such judgment, and the order or process issued thereon to a ministerial officer is regular on its face, showing no departure from the law or defect of jurisdiction over the person or property affected, then and in such case the order or process will give full and entire protection to the ministerial officer in its regular enforcement, in any prosecution which the party aggrieved thereby may institute, against him, though serious errors may have been commited by the officer or tribunal in reaching the conclusion or judgment upon which the order or process is issued." So, too, in Clinkenbeard v. U. S., 21 Wall. [88 U. S.] 65, the court said: "It is undoubtedly true that the decisions of an assessor, or board of assessors, like those of all other administrative commissions, are of a quasi judicial character, and cannot be questioned collaterally when made within the scope of their jurisdiction. But if they assess persons, property, or operations not taxable, such assessment is illegal, and cannot form the basis of an action at law for the collection of the tax, however efficacious it may be for the protection of ministerial officers charged with the duty of actual collection by virtue of a regular warrant or authority therefor."

If the tax assessed against George P. Freysinger is not a lien upon the premises in question under the law, and the written consent of Jacob Freysinger, from whom the plaintiff derived title, then it is in the power of any distiller, by the alienation of his distillery property, to deprive the government of its most efficient guaranty for the payment of the taxes and a due observance of the law.

I am therefore of opinion that the plaintiff took this property subject to any assessment to which George P. Freysinger was liable, in respect of spirits produced on the premises during his tenancy, and that the plaintiff cannot in this action, be allowed to show that the taxes mentioned in the assessment were not in fact due, and thereby charge the defendant with a wrongful sale of the premises under the assessment and warrant; that the plaintiff's remedy against the assessment, if it was aggrieved thereby, was by an appeal, and payment of the money, and suit against the officer, in case the assessment was not remitted on appeal; in short, that the plaintiff's remedy was the same as that of Freysinger, and it was not authorized to lie by and allow its property to be sold under the assessment, and then sue the collector for the value of the property sold, and on the trial of such suit attack the assessment collaterally. The testimony offered is therefore excluded.